

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CASE NO. 1:07-CR-217 |
| § | |
| FAUSTINO ESPINOZA-ESPINOZA § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Faustino Espinoza-Espinoza, violated conditions of supervised release imposed by United States District Judge Ron Clark. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #32) requesting the revocation of the defendant's supervised release

The Court conducted a hearing on April 24, 2012, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the

hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

**A. Procedural History**

On May 30, 2008, The Honorable Ron Clark, United States District Judge, sentenced Faustino Espinoza-Espinoza after he pled guilty to the offense of Deported Alien Found in the United States, Subsequent to an Aggravated Felony Conviction, a Class C felony. Judge Clark sentenced the defendant 51 months imprisonment followed by three (3) years of supervised release subject to the standard conditions of release, plus special conditions to include immediately upon release from confinement, the defendant shall be surrounded to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provide by the

Immigration and Nationality Act, 8 U.S.C. 1101, *et. seq*. If ordered deported, the defendant shall remain outside the United States. In the event the defendant is not deported, or for any reason re-enters the United States after having been deported, the defendant shall comply with all conditions of supervised release, financial disclosure; abstain from alcohol; drug treatment; and a $100 special assessment. On July 21, 2011, Faustino Espinoza-Espinoza completed his period of imprisonment and began service of the supervision term.

### B. Allegations in Petition

The United States alleges that the defendant violated the following standard condition of supervised release:

*The defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month..*

Mr. Espinoza-Espinoza was located illegally in the United States on February 4, 2012, and failed to report to the U.S. Probation Office as directed upon his return to the United States.

### C. Evidence presented at Hearing

At the hearing, the Government proffered the following evidence as its factual basis for the allegations set out *supra*. The Government would present the sworn testimony of a United States Probation Officer who would state that on February 4, 2012, Espinoza-Espinoza was found unlawfully in the United States. The probation officer would further testify that Espinoza-Espinoza failed to report to the United States Probation Office upon reentering the United States as required by his supervision conditions.

Defendant, Faustino Espinoza-Espinoza, offered a plea of true to the allegations.

Specifically, he agreed with the evidence presented and pled true to the allegation that he failed to notify the United States Probation Office of his return to the United States in violation of his supervision conditions.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervised release by failing to report to the probation office as directed.

If the Court finds that Espinoza-Espinoza violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon the defendant's criminal history category of III and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 5 to 11 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised

release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade C violation of his supervision conditions by failing to report to the United States Probation Office as directed upon his return to the United States. The defendant knowingly and voluntarily pled true and agreed with the Court's recommended sentence for the violation.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke the defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant, Faustino Espinoza-Espinoza, to serve a term of **five (5) months imprisonment** with no further supervision to follow in this case.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 27th day of April, 2012.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE